IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**BEVERLY KILPATRICK, et al.**                                                                 **PLAINTIFFS**

v.                                  **CASE NO. 1:18-CV-00053 BSM**

**CITY OF NEWARK, et al.**                                                                    **DEFENDANTS**

## ORDER

Defendants' motion for partial summary judgment on mootness [Doc. No. 25] is granted. Plaintiff's motion for partial summary judgment on liability [Doc. No. 39] is denied. Plaintiffs' excessive fines claim is dismissed for lack of subject matter jurisdiction. Plaintiffs have fourteen days to show cause why summary judgment should not be granted for defendants on all other claims. *See* Fed. R. Civ. P. 56(f)(1). Defendants will have seven days after the response is filed to reply.

I. BACKGROUND

The City of Newark adopted Ordinance 2015-01, which forbids placing a mobile home within the city's limits unless its value is at least $25,000 for a single-wide or $35,000 for a double-wide. The ordinance imposes a fine of between $50 and $500 per day for violations. *See* Ordinance, Doc. No. 39-1. The ordinance replaced a similar ordinance. *See* Pl.'s Resp. to Def.'s Mot. for Partial Summ. J. at 2, Doc. No. 29.

Plaintiff Beverly Kilpatrick wants to move to Newark but cannot afford to rent a mobile home that meets the ordinance's value requirements. *See* Compl. ¶ 2, Doc. No. 1. Plaintiffs Veneda and Robert Marshall want to rent out mobile homes in Newark with values

less than those required by the ordinance. *Id.* Plaintiff Becky Altom wishes to place a mobile home on her property in Newark to rent out, but the it does not meet the ordinance's value requirements. *Id.* Plaintiff Jon Jarvis removed a mobile home he planned to rent out from his property, and from the city, because it failed to meet the ordinance's value requirements. *Id.*

Newark repealed the ordinance after this lawsuit was filed. *See* Pl.'s Resp. to Def.'s Mot. Partial Summ. J. at 3. Plaintiffs claim that Newark repealed the ordinance only because of this lawsuit but could reenact it. *Id.* at 15. The mayor who signed the ordinance and most of the city council members who voted for it testified that the ordinance's connection to health and safety concerns was not a perfect fit. Pl.'s Mot. Summ. J. at 9–18, Doc. No. 39.

Newark moves for partial summary judgment on plaintiffs' request for injunctive relief, stating that the lawsuit is moot because the ordinance has been repealed. Def.'s Mot. Partial Summ. J., Doc. No. 25. Plaintiffs move for partial summary judgment on their four constitutional claims. Pl.'s Mot. Summ. J.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340

(8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.*

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). All reasonable inferences must be drawn in a light most favorable to the non-moving party, *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007), but a plaintiff's own self-serving, conclusory allegations in an affidavit or deposition, standing alone, are insufficient to defeat summary judgment. *Haas v. Kelly Services*, 409 F.3d 1030, 1034 (8th Cir. 2005). Finally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Summary judgment may be granted in favor of a nonmovant after notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(1).

### III.  DISCUSSION

A.  <u>Mootness</u>

Newark's motion for summary judgment on the plaintiffs' request to enjoin enforcement of the ordinance [Doc. No. 25] is granted because the ordinance has been repealed. *See Watlington v. City of McCrory*, Case No. 2:17-CV-2 DPM, Doc. Nos. 22, 31 (request to enjoin enforcement of an ordinance is moot once city repeals the ordinance).

B.    <u>Substantive Due Process</u>

Plaintiffs' motion for summary judgment on their substantive due process claim is denied, and the plaintiffs have fourteen days to show cause why summary judgment should not be granted for defendants.

A plaintiff can establish a substantive due process claim only if the government violates a constitutionally protected right and the government's violation "shocks the conscience" or is "truly irrational." *Novotny v. Tripp Cty.*, 664 F.3d 1173, 1178 (8th Cir. 2011); *Bituminous Materials, Inc. v. Rice Cty.*, 126 F.3d 1068, 1070 (8th Cir. 1997). Plaintiffs assert Newark is violating their "fundamental rights to (i) travel and relocate free from discrimination, and (ii) freely use their property in a lawful and unimpeded way." Compl. ¶ 60. The ordinance does not violate a substantive due process right.

There is a right to interstate travel. *Doe v. Miller*, 405 F.3d 700, 711 (8th Cir. 2005). Newark has not violated that right because plaintiffs already live in Arkansas. *See id.* ("We are thus not persuaded that the Constitution establishes a right to 'live where you want' that requires strict scrutiny of a State's residency restrictions.").

Further, there is not an unfettered right to operate a business on any land. *See Snaza v. City of Saint Paul*, 548 F.3d 1178, 1182–83 (8th Cir. 2008). In that most plaintiffs wish to earn income by renting mobile homes to others, the ordinance is akin to a zoning regulation prohibiting that use of their property. Plaintiffs have not cited a case in which a similar ordinance was held to violate substantive due process.

Even if this case implicates fundamental rights to travel and use property, the ordinance does not shock the conscience. Kilpatrick has a place to live, albeit outside Newark's city limits. The ordinance does not prohibit low-value non-mobile homes. A broader law, such as a statewide prohibition on all low-value and low-rent residences, might implicate fundamental rights and shock the conscience. But property taxes and other financial barriers to entry such as housing code requirements exist in cities and neighborhoods across the entire country. Further, as discussed below, the regulation is not irrational.

Plaintiffs' motion for summary judgment is denied, and they have fourteen days to show cause why defendants are not entitled to summary judgment.

C.  Equal Protection

Plaintiffs' motion for summary judgment on their equal protection claim is denied. Plaintiffs have fourteen days to show cause why defendants should not be granted summary judgment.

Because wealth or poverty is not a suspect class, the ordinance only violates the Equal Protection Clause if its treatment of similarly situated individuals bears no rational relationship to a legitimate government interest. *Berry v. City of Little Rock*, 904 F. Supp. 940, 948 (E.D. Ark. 1995) (applying rational basis review to claims by "low income property owners"); *see also San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 24 ("[W]here wealth is involved, the Equal Protection Clause does not require absolute equality or

precisely equal advantages."). Rational basis review is deferential to the government. *Brikova v. Holder*, 699 F.3d 1005, 1008 (8th Cir. 2012).

Although plaintiffs may be correct that the ordinance tends to discriminate on the basis of wealth, that discrimination is rationally related to the government's legitimate interest in regulating health and safety. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1021 (8th Cir. 2012) (a legitimate health or safety related justification for a law indicates it is not motivated solely by discriminatory animus). Although the ordinance is both over- and under-inclusive, banning some structures that are perfectly safe and permitting others that are unsafe, this type of regulation is acceptable. *Id.* at 1019.

Even post-hoc testimony by the individuals who voted for and signed the ordinance does not overcome a strong presumption that the ordinance is valid. *See id.* This is true because the burden is not on the city to articulate a rational basis for the ordinance but is on the plaintiffs to negate all possible rational bases defendants could have had for the ordinance. *Id.*

D.  Excessive Fines

Plaintiffs' motion for summary judgment on their excessive fines claim is denied. The claim is dismissed without prejudice for lack of subject matter jurisdiction because it is not ripe.

A claim for damages for violations of the Excessive Fines Clause is generally not ripe unless a fine has actually been imposed. *See Duffner v. City of St. Peters*, 930 F.3d 973, 977

(8th Cir. 2019) ("[T]he merits of an Eighth Amendment claim would depend on the specific penalties, if any, that are imposed."). No plaintiff was fined, no plaintiff is faced with the prospect of an imminent fine, and no plaintiff is faced with the choice between engaging in lawful conduct or receiving a large fine. The excessive fines claim is therefore not fit for decision and there is no hardship to the parties in withholding a ruling on that claim. *See id.*

E. Procedural Due Process

Plaintiffs' motion for summary judgment on their procedural due process claim is denied. Plaintiffs have fourteen days to show cause why summary judgment should not be granted to defendants on this claim.

Persons accused of violating an ordinance have a statutory right to be placed on notice of the violation and to a hearing. Ark. Code Ann. §§ 14-55-601, 16-88-101. Nothing indicates any plaintiff was punished under the ordinance without receiving these procedural protections.

Plaintiffs appear to contend that the ordinance was facially unconstitutional because it did not outline the details of enforcement. Although the ordinance does not specify procedural protections, nothing in the ordinance indicates the usual procedural protections provided by the Arkansas Code would not apply. Plaintiffs do not assert that the procedures provided by the Arkansas Code are deficient, and it is doubtful that such challenge would be successful. *See Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994).

The plaintiffs' motion is therefore denied. Plaintiffs have fourteen days to show cause why summary judgment should not be granted for defendants.

## IV. CONCLUSION

For the forgoing reasons, defendants' motion for partial summary judgment on mootness [Doc. No. 25] is granted. Plaintiffs' motion for partial summary judgment on liability [Doc. No. 39] is denied. Plaintiffs' excessive fines claim is dismissed for lack of subject matter jurisdiction. Plaintiffs have fourteen days to show cause why summary judgment should not be granted for the defendants on all other claims.

IT IS SO ORDERED this 6th day of January 2020.

_____
UNITED STATES DISTRICT JUDGE